UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Charles Michael Stokes,                ) C/A No. 9:15-129-DCN-BM
                                       )
                    Plaintiff,         )
                                       )
vs.                                    ) **REPORT AND RECOMMENDATION**
                                       )
Ann Hallman, *IGB Chief, being sued in her* )
*individual capacity*,                 )
                                       )
                    Defendant.         )

The Plaintiff, Charles Michael Stokes, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). Plaintiff is an inmate at the Perry Correctional Institution (PCI), part of the South Carolina Department of Corrections (SCDC), and seeks monetary damages and declaratory relief. He filed an amendment to his complaint,[1] which was granted on March 3, 2015. ECF Nos. 12, 15.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of

---



[1]In his motion to amend, Plaintiff, who has only sued the Defendant in her individual capacity, requests that "Declaratory Judgment state only that defendant in her individual capacity violated his Constitutional rights" and that "[a]ny and all ref[er]ence to policy or practices be deleted and[/]or removed from the Complaint." ECF No. 12.

Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

SCDC records indicate that Plaintiff began serving a fifteen-year sentence for burglary (second degree) and a twenty-year sentence for burglary (safe/vault) in August 2006. See http://public.doc.state.sc.us/scdc-public/[Search Inmate "Charles Stokes"](last visited Mar. 11, 2015).[2] Plaintiff alleges that on March 4, 2014, he was formally charged at the Greenville County Detention Center (GCDC) with escape, attempted escape, or possession of tools to escape from prison by investigator Hagan of PCI. Records from Greenville County reflect that a charge for

---

[2]This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].

2

"Escape/Escape, attempted escape or possess tools to escape from prison, recaptured" is currently pending against Plaintiff. See http://www.greenvillecounty.org/SCJD/PublicIndex/CaseDetails.aspx?County=23&CourtAgency=23001&Casenum=2014A2310700005&CaseType=C (last visited Mar. 11, 2015).

Plaintiff claims he submitted an informal resolution, per SCDC policy, alleging a submission of false, misleading, or incomplete information in a state document, that the informal resolution was denied, and that he filed a Step 1 grievance with SCDC on June 4, 2014. This Grievance was forwarded to the IGB Chief for response by the Warden, and on September 18, 2014, Plaintiff received SCDC's final decision along with a "Notice of Appeal" form for the Administrative Law Court (ALC), which he submitted to the ALC. The ALC dismissed Plaintiff's appeal, writing that Plaintiff failed to submit SCDC's "final decision," i.e. the Step 2 decision. See Complaint, ECF No. 1 at 4; Attachments to Complaint, ECF No. 1-1 at 2-5, 7, 9.

Plaintiff asserts that he did file a copy of SCDC's Step 2 decision with the ALC and hypothesizes that the ALC did not consider this decision to be a final agency decision because Defendant "used the area [where he was to state his dissatisfaction with the Step 1 response] to cite SCDC Policy GA-01-12." In the "Inmate's reason for appeal (state specific dissatisfaction)" portion of the Step 2 grievance is typed "[i]n accordance with SCDC Policy GA-01.12 'Inmate Grievance System[,]' your grievance was forwarded to Central Office for review and response." ECF No. 1-1 at 3, see ECF No. 1 at 5.[3] However, the "responsible official's decision and reason" section of the Step 2 grievance form, provides:

---

[3]Plaintiff has not explained why he did not put his own reason for appealing the Step 1 grievance in this area.

3

> You concern has been investigated. Mr. Hagan attempted to discuss this issue with you and you refused to cooperate. You were informed to have your attorney contact Mr. Hagan. Further action is not necessary on this grievance as you have been formally charged.
>
> Therefore, your grievance is denied.
>
> You may appeal this decision under the Administrative Procedures Act to the Administrative Law Court. In order to appeal, you must fill out the attached Notice of Appeal Form and submit it as instructed on the form within 30 days of receipt.

Id. Plaintiff asserts that Defendant's actions (in allegedly failing to provide a final agency decision) constituted a First Amendment violation as to his access to the courts as well as a Fourteenth Amendment due process violation.

However, to the extent Plaintiff is alleging that the Defendant denied him access to the grievance system, he fails to state a plausible claim for relief as Plaintiff does not have a constitutional right to have available or to participate in a grievance process. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994); Smith v. Ray, 36 F. App'x 99 (4th Cir. 2002) ("[A]ccess to the grievance procedure is not a constitutionally protected right[.]"); Oliver v. Myers, No. 7:08–CV–558, 2008 WL 5212409, at *4 (W.D.Va. Dec. 12, 2008) [stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts"], appeal dismissed, 335 F. App'x 317 (4th Cir. 2009).[4] Simply because a state or local authority chooses to

---

[4] In his amendment to his complaint, Plaintiff stated that he was deleting any reference to policy or practices. Even so, even if Plaintiff had alleged a violation of SCDC policy and the Court were to assume that the Defendant's actions violated prison policies, any violation of such policies does not constitute a violation of Plaintiff's constitutional rights, and is therefore not a claim assertable in a § 1983 action. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992); cf. Johnson v. S.C. Dep't of Corrs., No. 06–2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007)[The plaintiff's allegation that defendants did not "follow their own policies or procedures, standing alone, does not (continued...)



4

establish an inmate grievance system, that choice does not confer a substantive constitutional right on the prison inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Hence, even if the Court were to assume that the Defendant failed to properly apply an inmate grievance procedure, such failure is not actionable under § 1983. See Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986).

Additionally, Plaintiff's access to the courts claim should be dismissed because he fails to allege any actual injury. Prison or jail officials deny prisoners their right to "meaningful access to the courts" by depriving them of a "reasonably adequate opportunity" to challenge their sentence or conditions of confinement. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Lewis v. Casey, 518 U.S. 343, 354-355 (1996). A prisoner seeking to assert an access to the courts claim under § 1983 must specifically allege facts that would support a finding that the jail or prison official's conduct inflicted an "actual injury and prejudice" to the inmate; i.e. that the official's conduct hindered the inmate's effort to pursue a non-frivolous legal claim. See Magee v. Waters, 810 F.2d 451 (4th Cir. 1987)["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained."].

Plaintiff fails to allege actual injury as he has not alleged that he was hindered from pursuing a non-frivolous legal claim. Plaintiff claims that Investigator Hagan served him with a warrant that contained false, misleading, or incomplete information in violation of S.C. Code Ann. § 16-9-10. In his Step 1 grievance, Plaintiff requested that SCDC "(1) Remove any and all

---

[4](...continued)
amount to a constitutional violation."](citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)[if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).



5

information from the warrant as well as the disciplinary record because the keys should have been a sep[a]rate charge of # 897-Possession of Security Equipment/Property.  (2) Repr[i]mand investigator Hagan for violation of S.C. Code Ann. § 16-9-10." ECF No. 1-1 at 5.  However, the cited statute[5] is one which provides for criminal penalties for such a violation.  There is no private cause of action under the statute, and a violation of state law does not provide the basis for a claim under 42 U.S.C. § 1983 ("1983").  Clark v. Link, 855 F.2d 156, 161-62 (4th Cir. 1988).

Finally, Plaintiff appears to argue that SCDC did not provide a proper final decision, the ALC did not consider SCDC's answer to his Step 2 grievance as a final agency decision, and he was unable to appeal SCDC's decision to the ALC.  He asserts that because of this, he was foreclosed in the grievance process and he does not have any redress for his issues.  However, as

---

[5]The statute provides:
(A)    (1) It is unlawful for a person to wilfully give false, misleading, or incomplete testimony under oath in any court of record, judicial, administrative, or regulatory proceeding in this State.
       (2) It is unlawful for a person to wilfully give false, misleading, or incomplete information on a document, record, report, or form required by the laws of this State.
(B)    (1) A person who violates the provisions of subsection (A)(1) is guilty of a felony and, upon conviction, must be fined in the discretion of the court or imprisoned not more than five years, or both.
       (2) A person who violates the provisions of subsection (A)(2) is guilty of a misdemeanor and, upon conviction, must be imprisoned not more than six months or fined not less than one hundred dollars, or both.
(C)    A person may be convicted under this section if he induces, procures, or persuades another person to commit perjury or if he commits perjury by his own act, consent, or agreement.
S.C. Code Ann. § 16-9-10.

6

Plaintiff is disputing the warrant as to his pending criminal charge, he has an avenue available (the state court where his criminal charge is pending) to present his claims.[6]

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 17, 2015
Charleston, South Carolina

---

[6]Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense].

7

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



8